United States District Court
Southern District of Texas
**ENTERED**
September 01, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-275 |
| | § | |
| SANDRA SILVA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO**
**<u>DISMISS FOR FAILURE TO PROSECUTE</u>**

This is a civil rights action filed by former Texas inmate Phillip Jackson. Mr. Jackson failed to appear for a hearing today on his application to proceed *in forma pauperis*. The Clerk of Court sent Mr. Jackson notice of today's hearing to his address in Corpus Christi, Texas. Plaintiff's address is listed on the Court's docket and on Plaintiff's complaint. The Clerk of Court has previously sent Mr. Jackson notices which have not been returned as undeliverable. Therefore, it appears Mr. Jackson's address remains unchanged. In the event Mr. Jackson has moved, he is an experienced *pro se* litigant who knows how to update his current contact information with the Court. *See Jackson v. Gutierrez*, No. 2:16-cv-17 (S.D. Tex. June 1, 2017)(D.E. 85, Plaintiff's notice of change of address). Additionally, Mr. Jackson has not contacted the Court since filing his complaint on August 9, 2017.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or

any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely to whether the Court's discretion was abused. *Green v. Forney Eng'g Cty.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay and the imposition of lesser sanctions would be futile. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

Mr. Jackson is apparently on parole. In this action, he seeks injunctive relief to challenge a parole violator's warrant of which he is the subject. The undersigned notes that Plaintiff's complaint may be frivolous, premature or otherwise non-cognizable because Plaintiff is afforded due process protections in the state parole procedures and has yet to present appropriate challenges in the courts of the State of Texas. However, while dismissal on screening may be appropriate, the Court does not have complete information about Plaintiff's claims due to Plaintiff's failure to participate in this litigation. Considerations of judicial economy warrant dismissal of this action without prejudice to avoid further expenditure of the Court's time and resources.

Therefore, it is respectfully recommended that Plaintiff's case be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because of Plaintiff's failure to prosecute and Plaintiff's failure to attend court settings.

Respectfully submitted this 1st day of September, 2017.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).